Bertha E. Williams, Administratrix of the Estate of Leroy B. Williams, Deceased, Appellant, *v.* San Giorgio Macaroni, Inc. and Workmen's Compensation Appeal Board, Appellees.

Argued March 8, 1974, before Judges Crumlish, Jr., Kramer and Rogers, sitting as a panel of three.

*Leon P. Haller*, with him *Davis, Katz, Buzgon & Davis*, for appellant.

*Thomas A. Ehrgood*, for appellees.

OPINION BY JUDGE KRAMER, May 8, 1974:

This is an appeal by the estate of Leroy B. Williams from an order of the Workmen's Compensation Appeal Board (Board) reversing the referee's award of compensation.

On February 6, 1971, Leroy B. Williams (Williams) allegedly suffered a job-related accident. At the time of the alleged accident, Williams was employed by San Giorgio Macaroni, Inc. (San Giorgio). A hearing was held on March 29, 1972, and on November 16, 1972, the referee awarded compensation. The referee's adjudication included the following pertinent findings of fact:

"2. On February 6, 1971, while pulling a loaded bin of macaroni, using a truck with a hydraulic jack, over the floor where pieces of macaroni had fallen, the claimant pulled a ligament in his chest and experienced severe pain. The Claimant was required to exert considerable additional effort in pulling the bin over the macaroni on the floor. The Claimant again suffered an injury to his chest on March 13, 1971, caused by exerting extra effort in pulling a load.

4. The Claimant's injury and subsequent disability was causally related to the incident set forth in finding of fact No. 2."

San Giorgio appealed, and on September 13, 1973, the Board reversed the referee. The Board took no

additional testimony or evidence. The Board based its reversal upon its belief that there was not sufficient competent evidence to support the finding of an accident, the nature of the injury, or a causal connection between the alleged accident and injury.

Williams died on January 30, 1973 and Bertha E. Williams, Administratrix of his estate is the appellant in this case.

In workmen's compensation cases where the Board took no additional evidence and the party with the burden of proof prevailed before the referee, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or any necessary finding of fact found by the referee was unsupported by sufficient competent evidence. When the Board takes no additional evidence, questions of credibility are to be resolved by the referee, and the party prevailing before the referee is to be given the benefit of the most favorable inferences reasonably deducible from the evidence. In this type of case, the Board's review is limited to determining whether an error of law was committed or whether the referee's findings are supported by competent evidence. *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The Board found that Williams had failed to prove an accident. The Board made the following statement with respect to the alleged accident:

"How a small piece of macaroni on the floor could cause a strain to one pulling a bin weighing one and a half to two tons loaded is difficult to comprehend."

After reviewing the record, we must conclude that when the Board found that Claimant had failed to prove an accident, it infringed upon the referee's province as the final arbiter of facts with respect to credibility. Clearly, the referee found Williams' testimony concerning the accident believable and the Board

did not. We find that there is sufficient competent evidence in this record to support the referee's finding of an accident.

Although we do not agree with the Board's finding that Williams failed to prove an accident, we do agree with the Board's statement that the record in this case "does not support award of compensation." In its rationale the Board noted and we agree that:

"Claimant had not presented medical proof of causation; he has not even presented medical proof of the exact injury, and his continuing to work for almost a month and a half after this initial complaint prevents us from being permitted to find causation without the medical evidence."

In summary, we conclude that the referee's findings with respect to the nature of the injury and the causal connection between the accident and the alleged injury were not supported by competent evidence and that the Board quite correctly reversed the award by the referee. Therefore we

### ORDER

AND NOW, this 8th day of May, 1974, the appeal of Bertha E. Williams, Administratrix of the Estate of Leroy B. Williams, Deceased, is hereby dismissed and the order of the Workmen's Compensation Appeal Board is hereby affirmed.