Workmen's Compensation Appeal Board and Joseph Cannon, Appellees, *v.* Mrs. Paul's Kitchens and Underwriters Insurance Company, Insurance Carrier, Appellants.

Argued February 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*David L. Pennington,* with him *Harvey, Pennington, Herting & Renneisen, Ltd.,* for appellants.

*Brenden E. Brett,* with him *Pratt, Clark, Gathright, and Price,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., April 17, 1975:

This is a direct administrative agency appeal by Underwriters Insurance Company and Mrs. Paul's Kitchens (Appellant) from an order of the Workmen's Compensation Appeal Board, affirming the Referee's award of compensation to Joseph Cannon (Claimant) for total disability. For reasons hereinafter stated, we affirm.

The accident giving rise to this appeal occurred on September 4, 1970 while Claimant was working on a ladder in appellant's processing plant in Doylestown, Pennsylvania. At that time, the ladder gave way, causing Claimant to fall some six feet to the concrete floor thereby striking the right side of his head and body.

This was not Claimant's first mishap on the job. On December 18, 1968, his right foot was injured when a fork lift ran over his foot causing him to fall back and strike his head. As a result of this accident, Claimant lost one month of work and received the appropriate workmen's compensation benefits. Then, on December 16, 1969, the injury to the right foot was aggravated by an accident when a valve slipped onto that foot. This accident was reported, but no work was lost and no compensation paid.

The sole issue which Appellant presents for our determination is whether the record in the instant case con-

tains sufficient evidence to support a finding that Claimant's present condition is the result of the accident which occurred on September 4, 1970.[1]

As we have said so often, "in a workmen's compensation case where the Board took no additional evidence and the party with the burden of proof [here the claimant] prevailed before the referee, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or any necessary finding of fact found by the referee was unsupported by sufficient competent evidence." *Williams v. San Giorgio Macaroni, Inc.*, 13 Pa. Commonwealth Ct. 386 388, 319 A. 2d 434, 435 (1974).

Was there sufficient competent evidence to support the referee's finding? The short of it is, yes. An illustrative summary of the evidence supporting the findings follows.

Dr. Shultz, an internist, and Mrs. Paul's company doctor, testified concerning the medical history of Claimant for the period from the original December 18, 1968 injury to the post September 4, 1970 period of treatment. The thrust of this testimony is that Claimant presently suffers from a post-concussion syndrome, relating to the head injury, and a tarsal tunnel syndrome, which means a fibrosis around the nerves in the foot causing sensory loss to the foot. As a result, Claimant cannot stand or sit for any length of time supported by the right foot. Dr. Shultz also testified that in his opinion, taking into

---

1. Appellant in reality questioned two findings made by the referee and adopted by the Board. These findings state:

"3. Claimant became totally disabled as a result of said injury [September 4, 1970 injury] and his total disability still persists.

"5. While Claimant's present injury is an aggravation of a previously existing condition, the claimant's present condition results from the accidental injury of September 4, 1970 and is not related 'to the prior industrial accident some two years earlier, from which claimant had recovered sufficiently to return to full employment, without loss of earning power'."

account both syndromes from which Claimant suffers, he is now unable to work.

A careful review of all the evidence makes it clear that following the earlier accidents, Claimant was able to work whereas after the latest accident he was not. Dr. Shultz so testified and we agree.

Substantial evidence is present in this record from which the referee and board could have concluded that the most recent accident incurred by Claimant is the cause of his present inability to work, and that being so, we

ORDER

AND NOW, this 17th day of April, 1975, upon due consideration of the appeal, compensation is awarded to Joseph Cannon and Mrs. Paul's Kitchens and/or Underwriters Insurance Company, insurance carrier, are hereby ordered and directed to pay to the Claimant, Joseph Cannon, compensation for total disability at the rate of $60.00 per week, beginning September 5, 1970, and continuing thereafter up to the present and into the future during the period of continuing disability; together with interest on all deferred amounts of compensation payable hereunder.