Emma Locastro, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Gimbel Bros., Respondents.

Argued September 13, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Thomas F. McDevitt*, for petitioner.

*Charles S. Katz, Jr.*, with him *Swartz, Campbell & Detweiler*, and *James N. Diefenderfer*, for respondents.

Opinion by President Judge Bowman, November 16, 1977:

This is an appeal by Emma Locastro (Claimant) from an adverse decision of the Workmen's Compensation Appeal Board (Board) sustaining the referee's termination of Claimant's benefits.

The Claimant suffered an injury during the course of her employment with Gimbel Brothers, Inc., on September 21, 1972. Claimant was paid total disability benefits pursuant to her claim from September 22 through November 30, 1972. The diagnosed injury as set forth in the Notice of Compensation Payable was lumbosacral strain and contusion of the head.

During Claimant's period of disability, she was treated by Stephen A. Christides, M.D., a Board-certified specialist in Orthopedic surgery, and by Frank Burstein, M.D., a Board-certified specialist in family medicine.

On November 24, 1972, the employer filed a petition for termination based on an affidavit of Dr. Christides that Claimant had fully recovered and was able to return to work.

At the hearings on the employer's termination petition both the Claimant and the family physician testified that her disability was still present. Dr. Christides, on the other hand, testified unequivocally that the Claimant no longer suffered from any disability as a result of her accident. The testimony is clear that both physicians were treating Claimant simultaneously.

Upon consideration of this testimony, the referee's determination was to terminate Claimant's benefits as of November 20, 1972.

Claimant appealed the referee's order. The Board vacated the referee's order and remanded the case to the referee to hear the testimony of an impartial physician appointed by the Board. The employer thereupon filed a Petition for Rehearing. Upon rehearing, the Board reversed its prior Remand Order and affirmed the decision of the referee.

As always in these cases, in which the burden of proof before the Board was on appellee, our scope of review is limited to a determination of whether con-

stitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Reed v. Glidden Co.,* 13 Pa. Commonwealth Ct. 343, 318 A.2d 376 (1974).

Claimant contends that there is not substantial evidence to support the findings of fact and conclusion of law reached by the referee. Claimant further posits that the referee did not mention the testimony of her family physician in his decision and, therefore, his testimony was not considered by the referee. The deposition of the family physician was placed into the record at the second hearing on October 25, 1973. Dr. Christides testified at both hearings and he concluded that Claimant's condition after November 20, 1972, was not attributable to her fall but was directly related to a pre-existing sclerosis called Paget's disease. Dr. Burstein, the family physician, stated that any pain or disability Claimant had after November 20, 1972, was directly related to the accident. This case presents testimony from two physicians who give diametrically opposed opinions.

The referee's Findings of Fact were in direct accord with the testimony given by the orthopedic specialist, Dr. Christides. Although we might feel that the testimony from Dr. Burstein, on behalf of Claimant, casts some uncertainty as to Dr. Christides' opinion that Claimant was no longer disabled, it was for the referee, as the fact-finder, to judge credibility and determine the weight to be accorded the conflicting evidence. *Williams v. San Giorgio Macaroni, Inc.,* 13 Pa. Commonwealth Ct. 386, 319 A.2d 434 (1974).

The fact that the referee did not mention Dr. Burstein's testimony in his decision is of no import. The transcript reflects that Dr. Burstein's testimony (deposition) was duly entered into the record. Although from the Findings of Fact it is readily apparent that the referee adopted Dr. Christides' testimony,

it cannot be concluded that the referee failed to consider that of Dr. Burstein.

Dr. Christides' testimony was comprehensive and definitive. The employer had the burden of proving Claimant's disability had ceased and the referee properly concluded that the employer had adduced substantial evidence at the hearings to meet its burden. The competent evidence of Dr. Christides clearly supported the referee's conclusion that the disability had ceased.

The decision of the Board sustaining the order of the referee is affirmed.

### ORDER

AND Now, this 16th day of November, 1977, the appeal of Emma Locastro is hereby dismissed and the order of the Workmen's Compensation Appeal Board dated September 26, 1976, is affirmed.