Edward Shanley, Appellant *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Republic Steel Corp., Appellees.

Argued May 7, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*M. Scot Curran,* with him *Lawrence R. Zewe,* for appellant.

*Linton L. Moyer,* with him *Thomson, Rhodes & Grigsby,* and *Sandra S. Christianson,* Assistant Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., June 6, 1979:

This is an appeal by claimant Edward A. Shanley from a denial of workmen's compensation benefits by the referee and the Workmen's Compensation Appeal Board. We affirm.

Claimant alleges disability due to pneumoconiosis and objects to referee's finding of fact number 5:

5. Based upon sufficient, competent and credible medical evidence of record in this case from Dr. Thomas J. Antos, who examined claimant in behalf of the defendant-employer, your Referee finds as a fact that claimant is not totally and permanently disabled from coal workers' pneumoconiosis, silicosis, anthracosilicosis or any other work-related occupational disease. Further, your Referee finds as a fact that claimant is not partially disabled from said occupational diseases. Claimant's respiratory impairment is due to his long history of cigarette smoking. Claimant has a history of acute myocardial infarction as well as carcinoma of the prostate and he has a large incisional hernia from a left flank incision. Claimant's lung fields are clear without evidence of pneumoconiosis. His chest x-ray was categorized as Category 0 according to the ILO/us classification.

Claimant last worked on May 12, 1976, when he had a heart attack. He has not worked since that date.

Claimant asserts that the referee did not indicate whether or not claimant's medical testimony was considered and furthermore that the referee did not state "the basis by which the conflict was considered."

The record indicates that testimony from both doctors was admitted into evidence; it is up to the referee to weigh the testimony and to give more credit to one doctor over another. There is no indication that he ignored claimant's doctor's evidence. In *Locastro v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 390, 379 A.2d 668 (1977) we held specifically that, where there is a conflict of medical testimony, the referee need not refer to the testimony of the doctor that he was not accepting.

We are satisfied that this decision was based on sufficient evidence, that there was no capricious disregard here.

Accordingly, we will enter the following

ORDER

AND NOW, June 6, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-74696, dated October 5, 1978 is hereby affirmed.