Helen Herman, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Fayette County, Respondents.

Argued October 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Anthony J. Seneca, Seneca & O'Dell, P.C.,* for petitioner.

*Scott E. Becker, Thomson, Rhodes & Grigsby,* for respondent, Fayette County.

OPINION BY JUDGE PALLADINO, December 28, 1981:

This is an appeal by Helen Herman (claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which granted a termination petition filed by claimant's former employer, Fayette County. We affirm.

The facts in this case are not in dispute. On January 13, 1975, claimant was injured in a work-related accident when a docket book she was reaching for slipped off a shelf and struck her feet. This injury eventually proved to be totally disabling, and the county, pursuant to a Notice of Compensation Payable, subsequently paid claimant disability benefits from January 14, 1975, until June 15, 1978.

On June 15, 1978, claimant was examined by Dr. Dominic A. Donio, a county physician, who concluded, based on the results of this examination, that claimant had fully recovered from her injury. In response to this diagnosis, the county immediately suspended the payment of benefits to claimant, and shortly thereafter filed a termination petition with the Department of Labor and Industry alleging therein that claimant's disability had ceased as of June 15, 1978. A referee subsequently conducted two hearings on this termination petition on April 2, 1979, and December 20, 1979. At the later hearing, the county introduced into evidence a deposition of Dr. Donio who testified therein that claimant's disability had ceased. Claimant, for her part, offered into evidence a deposition of Dr. Rudolf E. Medlen who testified therein that claimant was suffering, *inter alia,* from phlebitis and tendonitis

which he attributed to the blow claimant sustained to her feet on January 13, 1975. After reviewing this evidence, the referee made the following pertinent findings of fact:

3. That after extensive careful study of all the evidence submitted by the parties in this case, your Referee finds as a fact that the Claimant failed to prove by unequivocal medical evidence that her alleged phlebitis, tendonitis, chronic fascitis and/or myositis of both legs is the result of subject incident [the January 13, 1975, accident].

4. Your referee further finds that all disability as a result of the incident of January 13, 1975 ceased and terminated on June 15, 1978 based on the report dated June 16, 1978 and the Deposition transcript of Dr. Dominic A. Donio.

Based on these findings, the referee subsequently concluded that the county's termination petition should be granted.

On appeal before the Board, claimant argued (1) that the referee, in finding of fact number 3, misstated the burden of proof applicable to termination cases, and (2) that her decision should be reversed on that basis. After reviewing the referee's decision, however, the Board concluded (1) that the referee properly allocated the burden of proof in finding of fact number 4, and (2) that "the statement in Finding No. 3 was a harmless inadvertence, the crux of that finding being that the Referee did not accept Claimant's medical evidence." Accordingly, the Board entered an order deleting finding of fact number 3 as "surplusage," but otherwise affirming the referee's decision. The present appeal followed.

Of course, it is well settled that "[i]n a proceeding to terminate payments under a Notice of Compensa-

tion Payable, the burden is upon the employer to prove that the disability of the claimant has terminated." *Peoples Gas Heating Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 530, 532, 382 A.2d 484, 486 (1978). Where, as here, the party with the burden of proof has prevailed below, our scope of review "is limited to determining whether constitutional rights were violated, an error [of] law was committed or [whether] a necessary finding of fact was unsupported by substantial evidence." *Cox v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 59, 61, 430 A.2d 1009, 1010 (1981).

Before this Court, claimant alleges that the referee failed to place the burden of proving her disability had ceased on the employer, and that the Board erred as a matter of law in concluding otherwise. We disagree.

Initially we note that the only issue that was properly before the referee was whether claimant's disability had ceased as of June 15, 1978. *See, e.g., Adamo v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 530, 425 A.2d 63 (1981). As the Board noted below, it is clear from the transcripts of the proceedings before the referee that she recognized that the county had the burden of proof on this issue, and that she conducted the hearings below accordingly. It is also clear, in our view, that the referee applied the correct burden of proof in making her findings of fact on this issue since she specifically credited the medical evidence submitted by the county when she found as a fact in finding of fact number 4 that claimant's disability had terminated as of June 15, 1978. Although the referee did indicate in finding of fact number 3 that she thought that claimant had failed to prove that the injuries she had been compensated for were causally related to her January 13, 1975, accident, that issue was not before the referee, and since, in our view, this finding did not effect the referee's ultimate

decision that the claimant's disability had ceased, we believe that it was a harmless error.

Accordingly we enter the following

ORDER

AND Now, December 28, 1981, the opinion and order of the Workmen's Compensation Appeal Board, dated October 30, 1980, is affirmed.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

It appears to me that the referee found for the County for *2* reasons: 1) Claimant failed to prove that her injury was causally related to her employment, a burden of proof which she did not have to sustain under the law *and* 2) all disability *as a result* of the incident on January 13, 1975 ceased as of June 16, 1978. At best, the findings are confusing. It *may* be that the referee's finding on lack of causal relationship did not affect his conclusion that the termination petition should be granted, but I would remand to the referee to be certain that he would come to the same conclusion if he understood that Claimant had no burden to prove *any* causal relationship at this stage of the proceedings.

Accordingly, I respectfully dissent.