Charles Casuccio, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Carl O. Scheidemantle), Respondents.

Argued October 6, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Norman J. Barilla, Barilla & Panella,* for petitioner.

*Elmer G. Klaber,* for respondent, Carl O. Scheidemantle.

Opinion by President Judge Crumlish, Jr., February 23, 1983:

Charles Casuccio appeals a Workmen's Compensation Board order which affirmed the referee's termination of benefits. We affirm.

On February 3, 1975, Casuccio suffered third-degree burns to his upper legs and forearms in a work-related accident. He received benefits under a Notice of Compensation Payable from February 3, 1975 until November 26, 1979.

On December 6, 1979, Carl O. Scheidemantle (Employer) filed a Termination Petition. The referee held three hearings at which the employer submitted the report of Dr. John Gaisford, the plastic surgeon who treated Casuccio. The report provided that:

> Charles Cascuccio [sic] was seen in my office Tuesday, November 27, 1979 and examined. This man is completely healed, has no contractures, no open areas and no physical problems that I can determine other than the scars as a result of his burns.
>
> . . . .
>
> I can find nothing physically about this man that would prevent him from working. There is no indication for surgery and to repeat, from a physical standpoint, there is no reason why he couldn't return to work as I suggested he could do August 19, 1976.

Casuccio was also examined by Dr. Aaron Caplan on January 30, 1980, and, in his medical report, Dr. Caplan concluded that: "It is my opinion that Mr. Cascuccio [sic] can return to work."

Casuccio submitted a letter from Dr. Joseph Tritschler, dated May 13, 1980, in which Dr. Tritschler indicated that, in his opinion, "it would be detrimental to Charles' condition for him to attempt gainful

employment as his medical and physical health is poor.'' The letter did not indicate whether Dr. Tritschler examined Casuccio.

After a review of the evidence, the referee decided that:

Your referee heard the testimony of the claimant and reviewed the Affidavit of Recovery of Dr. Caplan and medical report of Dr. Gaisford and based upon a review of the above, makes the following Findings of Fact:

1. Based upon the reports of Dr. Caplan and Dr. Gaisford, your referee finds that claimant was able to return to work as of 11/27/79.

. . . .

CONCLUSION OF LAW

Claimant has failed to meet his burden of proof to show that he is still totally and permanently disabled due to an injury of 2/3/75.

Casuccio contends that: (1) the referee committed reversible error by putting the burden of proof on him in this termination proceeding; (2) the referee capriciously disregarded the medical opinion of Dr. Tritschler; and (3) the referee's finding is not supported by substantial evidence.

We agree, as did the Board, that the referee asserted improperly that the claimant had the burden of proving his continued disability. It is well settled that '' '[i]n a proceeding to terminate payments under a Notice of Compensation Payable, the burden is upon the employer to prove that the disability of the Claimant has terminated.' '' *Herman v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 424, 426-27, 439 A.2d 834, 835 (1981) (quoting *Peoples Gas Heating Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 530, 532, 382 A.2d 484, 486 (1978)). However, it is clear from

the transcript that the referee recognized the employer's burden of proving an end to claimant's disability and correctly applied this doctrine by specifically crediting the medical evidence presented by the employer.

In *Herman,* this Court held that "the only issue that was properly before the referee was whether claimant's disability had ceased" and, even though the referee misstated which party had the burden of proof, this was harmless error since the referee specifically credited the employer's medical evidence in concluding that claimant's disability had ceased. *Id.* at 427, 439 A.2d at 836.

Since the referee recognized and applied the proper burden of proof, his statement putting that burden on Casuccio is harmless error.

Casuccio next contends that the referee's total disregard of his medical witness' opinion constitutes a capricious disregard of competent evidence. We note, once again, that the referee is the ultimate factfinder within whose province falls questions of credibility and the choice between conflicting evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Since the referee may accept or reject any witness' testimony, including that of a medical witness, *in whole* or in part, *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 411 A.2d 1279 (1980), the rejection of medical testimony does not, by itself, constitute capricious disregard of competent evidence. *Hines v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 371, 440 A.2d 664 (1982).

Accordingly, the referee's rejection of Dr. Tritschler's opinion does not constitute a capricious disregard of competent evidence.

Finally, Casuccio's third contention that the referee's finding is not supported by substantial evidence is without merit. The referee was presented with three medical opinions, including a thorough medical report by one of the examining physicians. This evidence was more than sufficient to support the referee's finding.

We affirm the order of the Board which upheld the referee's decision to terminate benefits.

Affirmed.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-80321, dated August 20, 1981 is hereby affirmed.