John E. Davis, Petitioner *v.* Workmen's Compensation Appeal Board (United Parcel Service), Respondents.

Submitted on briefs October 6, 1983, before Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*B. Mark Chernoff, Lebovitz & Lebovitz, P.A.,* for petitioner.

*James A. Bosakowski, Hutton, McCrory, Bashline & Baginski,* for respondent, United Parcel Service.

OPINION BY JUDGE MACPHAIL, December 5, 1983:

John E. Davis (Claimant) appeals the decision of the Workmen's Compensation Appeal Board (Board), which affirmed the referee's termination of compensation benefits to Claimant.

Claimant was a truck driver for United Parcel Service (Employer). On February 20, 1980, in the course of his employment, Claimant was injured and sustained a cerebral concussion and laceration of the right shoulder. Claimant received compensation benefits from March 4, 1980 through May 19, 1980. At the request of Employer, Claimant was examined by Dr. Charles M. McCool on May 19, 1980 and April 13, 1981, who testified that Claimant had fully recovered from the work related injuries. Based on Dr. McCool's testimony, the referee found that all of Claimant's work related disability had ended and terminated Claimant's benefits as of May 20, 1980. The Board affirmed that determination.

In a termination proceeding, the employer bears the burden of proving a lack of causal connection between the Claimant's continuing disability and his compensable injury. *George v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 23, 27, 437 A.2d 521, 523 (1981). Here the referee found that Employer met this burden when Dr. McCool testified that Claimant had recovered from his work related injuries and that these injuries were unrelated to Claimant's long standing back condition.[1]

---

[1] Dr. McCool testified:

Q: Doctor, do you feel that this man has recovered from his work related injuries that he sustained in the accident of February 1980?

A: As far as work related injuries and symptomatology, I feel that he has recovered from these.

Claimant alleges that the referee ignored the medical reports and medical testimony that Claimant's disability was due to a cerebral and labyrinthine concussion with cervical sprain,[2] which they testified were related to Claimant's compensable injury of February 20, 1980. This Court on many occasions has stated that the referee, as the factfinder, resolves the question of credibility and may accept or reject the testimony of any witness.[3] Here the referee found Dr. McCool's testimony was more credible than the medical evidence to the contrary and, therefore, we will not disturb this finding by the referee.

---

Q: Doctor, to what do you attribute his current symptomatology?

A: I attribute it to an ongoing back condition that he is apparently having the pain from.` At least that's what I would feel, from my examination of him, that's where most of his symptoms are concentrated, in the area where the spondylolysis is and that's where my positive findings are coming from, from the lower sacral spine area.

Q: Doctor, do you feel that this low back problem is related to the work related injury?

A: No. From my reviewing the records and getting the history from the patient, I could find no real history of any back condition, low back condition that is, that occurred at the time of the accident, and I think that the back complaints started while the patient was well into his hospitalization, if not discharged, from the West Penn hospitalization in February, and that's a significant time after the accident, I think.

[2] A labyrinthine concussion is a concussion of the internal ear. According to a medical report by Dr. Roger L. Duerkson who examined Claimant on February 26, 1980, Claimant suffered a left labyrinthitis.

[3] See, e.g., Hawthorne v. Workmen's Compensation Appeal Board, 74 Pa. Commonwealth Ct. 635, 638, 460 A.2d 911, 912 (1983); Brayo v. Workmen's Compensation Appeal Board, 62 Pa. Commonwealth Ct. 234, 237, 435 A.2d 1346, 1348 (1981); American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board, 31 Pa. Commonwealth Ct. 590, 595, 377 A.2d 1007, 1010 (1977).

When the party with the burden of proof prevails before the referee, our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Shepherd v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 101, 103, 443 A.2d 862, 863 (1982). Our review of the record indicates that there was substantial evidence for the referee to terminate Claimant's benefits. Dr. McCool is a specialist in internal medicine and his testimony was substantial and sufficient to support the referee's finding that Claimant's work related disability had ended.

The decision of the Board is affirmed.

ORDER

The decision of the Workmen's Compensation Appeal Board, dated October 7, 1982, is affirmed.