504 A.2d 985

Francis M. Gallo, Petitioner *v.* Workmen's Compensation Appeal Board (United Parcel Service), Respondents.

Submitted on briefs, October 10, 1985, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Irving M. Portnoy*, with him, *Richard J. Schubert, Litman, Litman, Harris, Portnoy and Brown, P.A.*, for petitioner.

*Terry L. M. Bashline, Baginski & Bashline*, for respondent, United Parcel Service.

OPINION BY JUDGE PALLADINO, February 14, 1986:

Francis M. Gallo (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting a Termination Petition filed by United Parcel Service (Employer). We affirm.

In July of 1979, Claimant suffered an injury to his left wrist while in the course of his employment and, consequently, he was absent from work from July 31, 1979 to August 14, 1979. At the time of his injury, Claimant was working as a pre-loader, which required him to lift, sort and load packages onto Employer's delivery vehicles.

Claimant was examined by Employer's physician on August 3, 1979, at which time he was diagnosed as suffering from tendonitis of the left wrist. On August 10, 1979, Claimant was again examined by Employer's physician and was informed that he could return to work. Thereafter, on August 14, 1979, Claimant returned to the same position he held prior to his injury. During the time he was absent from work because of his injury, Claimant received workmen's compensation benefits pursuant to a Notice of Compensation Payable. After his return to work, Claimant continued in his employment until September 19, 1979.

On October 16, 1979, Claimant informed Employer that he was disabled as a result of the conditions of his employment and that he did not intend to return to work at that time. Thereafter, Employer filed a Termination Petition in July of 1980, alleging that Claimant had suffered a work-related injury on July 31, 1979 and that he returned to the same work at the same rate of pay on August 14, 1979.

At hearings held before a referee, medical testimony was presented by Employer to the effect that, on August 14, 1979, Claimant could return to his previous employment without limitations. Claimant testified, however, that he could not remain on the job because of psychiatric problems caused by harassment he received from his supervisors. Claimant believed that the harassment was the result of his inability, because of his wrist injury, to do his job efficiently.

The referee found that, by August 14, 1979, Claimant had fully recovered from his wrist injury and that he could return to his previous employment. Moreover, the referee found that Claimant's psychiatric problems were unrelated to his employment. Accordingly, the referee concluded that Employer had sustained its burden of proving that Claimant was able

to return to work and that he chose to leave his employment for reasons unrelated to his work injury. The referee also noted that Claimant failed to prove by unequivocal medical testimony that his disability was the result of his work-related injury. The referee therefore granted the Termination Petition, and the Board affirmed.

On appeal to this Court, Claimant contends that the referee erred as a matter of law by assigning to Claimant the burden of proving that his current disability was the result of a work-related injury. Claimant contends further that the referee's findings of fact are not supported by substantial evidence and that there is no substantial evidence to show that Employer met its burden of proving that Claimant's work-related disability had ended. Finally, Claimant argues that the Board erred by reviewing the referee's decision under the wrong standard, when it held that the referee did not capriciously disregard competent evidence in making its findings.

In a termination proceeding, the employer bears the burden of proving that all work-related disability has ceased. *Frye v. Workmen's Compensation Appeal Board (Lafferty Trucking Co.),* 78 Pa. Commonwealth Ct. 427, 468 A.2d 659 (1983). If a claimant suffers from a continuing disability, then the employer bears the burden of proving a lack of causal connection between the claimant's disability and his compensable injury. *Davis v. Workmen's Compensation Appeal Board (United Parcel Service),* 78 Pa. Commonwealth Ct. 617, 468 A.2d 518 (1983). When, as here, the party with the burden of proof prevails before the referee, our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Id.*

Addressing the first issue raised by Claimant, we conclude that the referee did not assign to Claimant the burden of proving a causal connection between his psychiatric disability and his work-related injury. As he noted in his conclusion of law number 2, the referee determined that Employer had sustained its burden of proof by showing that Claimant was physically able to return to work, that he did in fact return to work on August 14, 1979, and that he later chose to leave his employment for reasons which were unrelated to his work injury. It follows, therefore, that the referee recognized that Employer bore the burden of proof on the issues pertinent to the Termination Petition, including the issue of whether there was a causal connection between Claimant's disability and his work-related injury.

In his conclusion of law number 3, the referee held that Claimant "failed to prove by unequivocal medical testimony that the disability is as a result of the work injury." Admittedly, in the context of a termination petition, the referee's conclusion on this issue is improper and unnecessary, because this Court has "never held that, in termination proceedings, the burden shifts at any time to the claimant to prove the existence of a causal connection between his disability and his injury." *Unity Builders, Inc. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 527, 532, 413 A.2d 40, 43 (1980). It is thus incumbent upon Employer to show that there was no causal connection between Claimant's disability and his compensable injury and, once that burden was met, the issue does not arise in a termination petition as to whether claimant can prove that his disability is related to a work injury. Because we are convinced, however, that in the first instance the referee properly placed the burden upon Employer to prove the lack of a causal connection, the referee's subsequent statement regarding

Claimant's failure to prove the existence of such a connection was mere surplusage and was, therefore, harmless error. *See Herman v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 424, 439 A.2d 834 (1981).

In regard to the question of the validity of the referee's factual findings, we have determined that all of the necessary findings made by the referee are supported by substantial evidence.

Turning to Claimant's final allegation of error, regarding the standard of review under which the Board reviewed the referee's factual findings, we note that, while the Board properly stated that the referee's findings of fact must be supported by substantial evidence,[1] it proceeded to say that the referee in the instant case did not capriciously disregard competent evidence in making his factual findings.[2] Even if the Board erred by not reviewing the referee's findings under the substantial evidence test, this Court has held that, when an administrative agency assigns an erroneous reason to a correct decision, the decision will be affirmed if the correct basis for that decision is clear upon the record. *Haney v. Workmen's Compensation Appeal Board (Patterson-Kelley Co.),* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982). Because we find that all necessary findings made by the referee are supported by substantial evidence, the Board's

---

[1] "Substantial evidence" is the relevant evidence that a reasonable mind, without weighing the evidence or substituting its judgment for that of the fact finder, might accept as adequate to support the conclusion reached, *Silvia v. Pennhurst Center, Department of Public Welfare,* 63 Pa. Commonwealth Ct. 75, 437 A.2d 535 (1981).

[2] Capricious disregard of competent evidence in a workmen's compensation case is willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one has no basis to challenge. *Marshall v. Workmen's Compensation Appeal Board (Temple University),* 71 Pa. Commonwealth Ct. 25, 453 A.2d 1083 (1983).

164

misapplication of the capricious disregard standard in its review of the case at bar is harmless error.

Accordingly, we affirm the decision and order of the Board.

ORDER

AND NOW, February 14, 1986, the order of the Workmen's Compensation Appeal Board at No. A-85092, dated July 12, 1984, is affirmed.