536 A.2d 496

Ronald M. Martz and Stella L. Martz, his wife, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Adams County Child and Youth Services, Respondent.

Argued November 20, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*John James Mooney, III, Gates & Mooney,* for petitioners.

*Chester G. Schultz, Bulleit, Schultz & Thrasher,* for respondent.

OPINION BY SENIOR JUDGE KALISH, January 27, 1988:

This is a petition for review of an order of the Director of Hearings and Appeals of the Department of Public Welfare (DPW) which upheld the action of the Adams County Child and Youth Services in disapproving the petitioners' home as a foster family home. We affirm.

The petitioners, Ronald M. Martz and Stella L. Martz, have been foster care parents since April 1984. On January 30, 1985, three children were placed in the petitioners' home. On July 31, 1985, an anonymous call was made to the child abuse hot line indicating that there was a problem with the petitioners' foster home. DPW conducted an investigation and upon review of the findings of this investigation, the Adams County Child and Youth Services decided to remove the children from the petitioners' home and remove the petitioners from the foster care program. The petitioners were given notice of their right to appeal. A hearing officer of the Child and Youth Services upheld the appeal. However, the Office of Hearings and Appeals of the DPW reversed the hearing officer and disapproved the petitioners' home as a foster home.

Our scope of review of an administrative agency decision is limited by section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, to determining whether constitutional rights have been violated, an error of law was committed, or whether there is substantial evi-

dence in the record to support findings of fact. *Werner v. Workmen's Compensation Appeal Board (Bernardi Bros., Inc.)*, 102 Pa. Commonwealth Ct. 463, 518 A.2d 892 (1986).

The petitioners contend that improper procedure was used in removing the children from their home since 55 Pa. Code §3700.73(e) provides that upon appeal a child must remain in the foster home pending a decision on the appeal.

The petitioners misconstrue DPW's regulations. In 55 Pa. Code §3700.73(a)(5), pertaining to foster family care, it is provided that *an appeal will not be permitted* for the relocation of a child where "an investigation of a report of alleged child abuse indicates the need for protective custody removal to protect the child from further serious physical or mental injury, sexual abuse or serious physical neglect, as defined by Chapter 3490 (relating to child protective services—child abuse)." The issue here was the need for protective custody. It is only where the foster parent has a *right to appeal the relocation of the child,* that the child must remain in the foster home pending a decision on appeal. Since no such right existed in the present circumstances, 55 Pa. Code §3700.73(e) does not apply.

Petitioners contend that under the regulations dealing with appeals from disapproval of a foster home, the evidence did not warrant the disapproval of their home.

The legislature has granted to the Department of Public Welfare the duty to regulate the care of children entrusted to foster family care. *In Re Lowry,* 317 Pa. Superior Ct. 304, 464 A.2d 333 (1983).

The section of the Pennsylvania Code dealing with foster parent requirements, 55 Pa. Code §3700.62(c), provides that foster parents must comply with 55 Pa. Code §3490 relating to child protective services. The regulations at 55 Pa. Code §3700.63(c) provide that

physical punishment shall not be inflicted on the body, and that passive physical restraint is the only method allowed in restraining a child.

Here, the record shows that pepper was placed on the tongue of a foster child who refused to eat; that a child was tied to a bed; that a child had been locked inside a bedroom; and that a child had been strapped to a car seat which was located inside the home. While there was no finding that any of this conduct was necessary to prevent immediate harm to the child, all that is necessary is to show that physical punishment was imposed and that more than physical passive restraint was imposed.

Here, the record shows that the conclusion that petitioners' home should not be a foster home is supported by substantial evidence.

Accordingly, we affirm.

### ORDER

Now, January 27, 1988, the order of the Director of the Office of Hearings and Appeals of the Department of Public Welfare in the above-captioned matter, dated March 19, 1986, is affirmed.