Joan BRADLEY, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (COUNTY OF DELAWARE), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 2006.

Decided Nov. 16, 2006.

Publication Ordered Feb. 23, 2007.

Mark R. Schmidt, Media, for petitioner.

Robert F. Kelly, Jr., Media, for respondent.

BEFORE: COLINS, President Judge, and COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Joan Bradley (Claimant) petitions for review of the decision of the Workers' Compensation Appeal Board (Board) affirming the order of the Workers' Compensation Judge (WCJ) suspending Claimant's benefits because of her failure to attend a court-ordered vocational expert interview (Suspension Order). Claimant asks us to decide whether the WCJ's Suspension Order constituted a reasoned decision supported by substantial, competent evidence.

During her employment with the County of Delaware (Employer), Claimant sustained an injury in December, 1997, for which she received workers' compensation benefits. In February, 2005, Employer filed a Petition to Compel Expert Interview (Interview Petition) to have a vocational expert interview Claimant. Relying exclusively on the curriculum vitae (CV) of the vocational expert, the WCJ granted Employer's Interview Petition in April,

2005, holding that the vocational expert met the minimum regulatory requirements of the Department of Labor and Industry (Interview Order).[1] Claimant appealed the Interview Order to the Board. In June, 2005, Employer filed with the WCJ a Petition to Suspend Compensation Benefits, alleging that Claimant failed to attend the vocational interview. The WCJ then issued the following one sentence final order:

> AND NOW, this 27th day of June 2005, it is hereby ORDERED that as the parties have confirmed that Claimant did not appear for Vocational Interview as ORDERED by the Court, Claimant's benefits shall be forfeited from June 2, 2005 until such time as she appears for the Court Ordered Vocational Interview.

(Suspension Order.) On appeal, the Board affirmed the Suspension Order on January 24, 2006.[2] Because the parties agreed that Claimant failed to appear for the vocational interview as ordered by the WCJ in the Interview Order, and because the WCJ explained this fact in her Suspension Order, the Board held the WCJ committed no error, and her decision met the requirements of Section 422(a) of the Workers' Compensation Act (Act).[3] This appeal followed.[4]

Before this Court, Claimant contends the record lacks any evidence to support the WCJ's decision to suspend benefits. Claimant argues the WCJ did not certify the record as required under the regulations, and that her decision contains no findings of fact or conclusions of law, rendering the decision both unsupported by substantial, competent evidence and not a "reasoned decision" under *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 574 Pa. 61, 828 A.2d 1043 (2003). In addition, Claimant contends the WCJ did not permit her to enter into evidence her appeal of the WCJ's Interview Order. Claimant asserts the record lacks any evidence to demonstrate the parties actually agreed that the Claimant failed to appear at the vocational interview. Claimant asks us to vacate and reverse the Board's decision and reinstate her benefits during the suspension period.

Employer argues that the parties agreed that Claimant failed to appear for the interview as ordered by the WCJ, and this constituted the necessary finding of fact by the WCJ to sufficiently support the suspension of benefits. Employer claims the Suspension Order is free from error.

Under Section 422(a) of the Act, a WCJ must issue a "reasoned decision containing

---

1. *See* 34 Pa.Code. § 123.202 (outlining the minimum requirements for a vocational expert to conduct an earning power assessment interview).

2. On this same day, the Board issued another opinion affirming the prior order of the WCJ granting Employer's Petition. Claimant appealed that decision as well to this Court, which we quash at docket number 344 C.D. 2006.

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.

4. This Court's scope of review of the Board's decision is "limited by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, to determining whether constitutional rights have been violated, an error of law committed, or whether there is substantial evidence in the record to support the findings of fact." *Werner v. Workmen's Compensation Appeal Board (Bernardi Bros., Inc.)*, 102 Pa.Cmwlth. 463, 518 A.2d 892, 894 (1986). Substantial evidence is evidence "a reasonable mind might accept as adequate to support a conclusion." *Gibson v. Workers' Compensation Appeal Board (Armco Stainless & Alloy Products)*, 580 Pa. 470, 479, 861 A.2d 938, 943 (2004). We will not disturb the credibility and factual findings of the WCJ when supported by substantial, competent evidence. *Supervalu, Inc. v. Workers' Compensation Appeal Board (Bowser)*, 755 A.2d 715, 720 (Pa. Cmwlth.2000).

findings of fact and conclusions of law" which would enable the parties to understand the rationale for the resulting decision and provide a reviewing court a "basis for meaningful appellate review." 77 P.S. § 834. The Pennsylvania Supreme Court, in *Daniels,* elaborated on this standard and held that the WCJ decision must allow for adequate review by the Board and appellate courts "without further elucidation." *Daniels,* 574 Pa. at 76, 828 A.2d at 1052. *See also O'Donnell v. Workers' Compensation Appeal Board (United Parcel Service),* 831 A.2d 784, 790 (Pa.Cmwlth. 2003) (holding the WCJ's credibility determinations precluded any meaningful appellate review because the Court had to "imagine" why the WCJ made such credibility determinations).

Section 314 of the Act permits an employer to petition the WCJ to order a claimant to submit to an expert interview. 77 P.S. § 651(a). If the claimant refuses to attend the interview "without reasonable cause or excuse" once the WCJ grants the petition, the WCJ is mandated to forfeit the claimant's benefits during the period of refusal. *Id.*

■ Here, the WCJ issued a reasoned decision which properly suspended Claimant's benefits. Claimant's argument regarding the lack of evidence in the record overlooks the obvious. Both Claimant and Employer conceded the determinative fact needed to trigger the sanction under Section 314—that Claimant failed to appear at the interview after being ordered to do so by the WCJ. Claimant does not argue that she appeared, but wishes to justify her failure to comply with the Interview Order on the basis of her filing an appeal of that order. However, her interlocutory appeal of that order is not a reasonable excuse for her failure to comply with it. Appeal of an order of a WCJ, alone, does not operate as an automatic supersedeas. In *McCormick*

*v. Workers' Compensation Appeal Board (City of Philadelphia),* 734 A.2d 473, 477–78 (Pa.Cmwlth.1999), this Court, in affirming a WCJ's order suspending benefits, rejected the claimant's argument that his appeal of the WCJ's order compelling him to attend an independent medical examination effectively served as a stay of the order and provided for a reasonable cause and excuse for failing to attend the examination. Absent any statute granting an automatic supersedeas, we agreed with the Board's determination that simply filing an appeal does not function as an automatic stay of the WCJ's order. *Id.*

Neither this Court, nor the Board, needs to imagine the rationale behind the Suspension Order. The WCJ's order is properly reasoned under *Daniels,* and the concession by both parties provides the necessary substantial, competent evidence to support the suspension. Accordingly, we affirm the decision of the Board.