IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nicholas Miloser,                           :
                   Petitioner    :
                           :
            v.                :
                           :
Workers' Compensation Appeal              :
Board (Remacor, Inc.),                     :  No. 980 C.D. 2017
              Respondent   :  Submitted: November 22, 2017


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: March 12, 2018


Nicholas Miloser (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) June 28, 2017 order affirming the Workers' Compensation Judge's (WCJ) decision granting in part and denying in part Claimant's Utilization Review (UR) Review Petition (Petition). Claimant presents two issues for this Court's review: (1) whether Remacor, Inc. (Employer) met its burden of proof on Claimant's Petition; and, (2) whether the WCJ erred by relying on medical literature that was not part of the record. After review, we affirm.

Claimant sustained an injury on August 18, 2006, in the course of his employment with Employer. On September 14, 2006, Employer issued a Notice of Temporary Compensation Payable describing Claimant's injuries as multiple physical injuries - neck and right arm. In a May 19, 2010 decision, the WCJ approved an indemnity-only Compromise & Release Agreement, under which Employer remained

responsible for all reasonable, necessary, and causally-related medical benefits for the August 18, 2006 work injury. Subsequently, Employer filed a UR Request with the WC Bureau seeking review of the reasonableness and necessity of all of Claimant's office visits and medications provided, and/or treatments rendered, and/or otherwise planned by J. Fred Stoner, M.D. (Dr. Stoner) from September 3, 2015 and into the future. In a December 30, 2015 UR Determination, Rene Rigal, M.D. (Dr. Rigal) opined that none of Dr. Stoner's care was reasonable or necessary for Claimant's work injury.

On January 20, 2016, Claimant filed his Petition seeking a review of Dr. Stoner's care from September 3, 2015 forward. A WCJ hearing was held on February 23, 2016. On July 1, 2016, the WCJ affirmed the Petition with respect to Claimant's ongoing use of opiate compounds, i.e., Kadian and Opana, because it is unreasonable and unnecessary, but denied the Petition as to other treatment modalities because they are reasonable and necessary. Claimant appealed to the Board. On June 28, 2017, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[1]

Initially, "[t]he [UR] process provides an avenue for challenging whether medical treatment provided under the [WC] Act (Act)[2] is reasonable and necessary. Section 306(f.1)(6)(i) [of the Act], 77 P.S. § 531(6)(i). In [UR], the employer bears the burden of proving that the challenged medical treatment is unreasonable or unnecessary." *Haslam v. Workers' Comp. Appeal Bd. (London Grove Commc'n)*, 169 A.3d 704, 708 (Pa. Cmwlth. 2017).

---

[1] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

Claimant first argues that Employer did not meet its burden of proving that Dr. Stoner's opioid prescriptions for Claimant's work injury are unreasonable or unnecessary, because Dr. Rigal testified that Kadian is not reasonable and necessary for occasional or short-term use, but Claimant does not use it in that fashion. Further, Claimant contends that Dr. Rigal declared that Opana is only used when other treatments do not work, but that is why Claimant takes it.

The law is well-settled that "[t]he WCJ has exclusive authority to act as fact finder, determine credibility of witnesses, and weigh the evidence. The WCJ's findings will not be disturbed if they are supported by substantial, competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014) (citation omitted). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Contrary to Claimant's argument, Dr. Stoner specifically prescribed Kadian "200mg 3 tablets twice a day [pro re nata[3] (]**prn**[)] for pain" and Opana "[extended release] ER 40 mg 1 tablet once a day **prn** for pain[.]" Reproduced Record (R.R.) at 50a (emphasis added). Dr. Rigal expressly reported that Kadian

> is used to help relieve chronic moderate to severe ongoing pain and belongs to a class of drugs known as narcotic (opiate) analgesics. It works in the brain to change how the body feels and responds to pain. **This medication is not for occasional 'as needed'** or short term **use and this dose and frequency** [is] **in excess of ordering guidelines** . . . .

R.R. at 69a (emphasis added). Dr. Rigal further explained that Opana

> is also a narcotic (opioid) pain medicine only for use when other pain treatments do not treat pain well enough or they cannot be taken. It works in the brain and nervous system to reduce pain and **only for use when continuous (around-the-clock) treatment is needed** for a long time.

[3] Pro re nata is Latin for as the thing is needed.

3

*Id.* (emphasis added). The fact that both Kadian and Opana were prescribed for Claimant "as needed" is clearly contrary to Dr. Rigal's opinion that Kadian is not prescribed to be used as needed and Opana is only for long-term, around-the-clock use. The WCJ determined that "the conclusion of Dr. Rigal to the effect that the continuing use of opiate medication is contraindicated has been deemed credible, and accepted[.]" R.R. at 19a. Accordingly, Employer met its burden of proof on Claimant's Petition by presenting Dr. Rigal's report.

Claimant next contends that the WCJ erred by relying on medical literature that was not part of the record. Specifically, the WCJ declared:

> **[T]he academic medical literature is replete with highly credible commentary and conclusions supported by voluminous clinical studies to the effect that opiate medication should be utilized in very limited circumstances and for relatively short durations of time. The medical community is virtually in complete agreement with this assessment**.

> [C]laimant's use of opiate compounds has endured considerably beyond the timeframe acknowledged as clinically appropriate, and accordingly, the conclusion of Dr. Rigal to the effect that the continuing use of opiate medication is contraindicated has been deemed credible, and accepted, and is supported, **as reviewed above, in the voluminous clinical studies** supportive of this contention. As such, ongoing use of opiate compounds is deemed unreasonable and unnecessary, for all of the reasons reviewed by Dr. Rigal in the report of December 30, 2015, as well as those reviewed above.

R.R. at 18a-19a (emphasis added). Claimant asserts that because the WCJ did not specify what medical literature or clinical studies he was referring to, and no medical literature or clinical studies were made part of the record, there is no evidence to support the WCJ's ruling. The Board opined: "We agree that the WCJ did not provide specific medical literature or clinical studies, and none were made part of the record. However, this is harmless error." Board Dec. at 6.

4

Claimant maintains that the error is not harmless because the WCJ relied on this finding as support for Dr. Rigal's credibility on the issue of opiate medication. We disagree. Although the WCJ erred in citing to the medical literature, the WCJ unequivocally stated that "ongoing use of opiate compounds is deemed unreasonable and unnecessary, **for all of the reasons reviewed by Dr. Rigal in the report of December 30, 2015**[.]" R.R. at 19a (emphasis added). In addition, Dr. Rigal, in support of her report, reviewed Dr. Stoner's records, as well as medical literature, including but not limited to:

> American Society of Anesthesiologists Task Force on Chronic Pain Management, American Society of Regional Anesthesia and Pain Medicine, Practice Guidelines for Chronic Pain Management: An updated report by the American Society of Anesthesiologists Task Force on Chronic Pain Management and the American Society of Regional Anesthesia and Pain Medicine, Anesthesiology, 2010; Volume 112(4): pages 810-833.

R.R. at 73a. This Court holds that because all necessary findings made by the WCJ are supported by substantial evidence, the mention of medical literature and clinical studies "was mere surplusage and was, therefore, harmless error." *Gallo v. Workmen's Comp. Appeal Bd. (United Parcel Serv.),* 504 A.2d 985, 988 (Pa. Cmwlth. 1986).

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

5

Nicholas Miloser,                                      :
                              Petitioner       :
                                                              :
              v.                                          :
                                                              :
Workers' Compensation Appeal          :
Board (Remacor, Inc.),                        :       No. 980 C.D. 2017
                              Respondent    :

O R D E R

AND NOW, this 12th day of March, 2018, the Workers' Compensation Appeal Board's June 28, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge