Edwin S. Gaither, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued June 7, 1974, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Robert L. Webster*, with him *Webster & Hallal*, for appellant.

*Louis Kwall*, Assistant Attorney General, for appellee.

OPINION BY JUDGE KRAMER, August 9, 1974:

This is an appeal filed by Dr. Edwin S. Gaither (Gaither) from an order of the State Civil Service Commission ( Commission), dated July 12, 1973, dismissing Gaither's appeal from his removal as a radiologist with regular civil service status.

Gaither was employed by the Connellsville State General Hospital on August 22, 1968 as a radiologist. Subsequently he attained permanent civil service status as a radiologist. Although the record indicates that his appointing authority, i.e., the Board of Trustees of the Connellsville State General Hospital (*see* the Public Welfare Code, Act of June 13, 1967, P. L. 31, §316, as amended, 62 P.S. §316), required something less than full-time employment of Gaither prior to February 8, 1972, he was aware that his position called

for full-time employment. At the time he received notice of his termination, effective March 31, 1973, Gaither was receiving a salary of $25,115 per year. The record discloses that for some period of time prior to February of 1972, Gaither was also actively engaged as a full-time radiologist at another hospital. Although there is conflicting testimony in the record on whether Gaither contributed as little as one hour of service per day to Connellsville State General Hospital, he admits that he did not contribute the full-time requirement of 37-1/2 hours per week.

In any event, on February 22, 1973, Gaither received a letter from the appointing authority informing him that his services would no longer be required after March 31, 1973. On March 21, 1973, he received a follow-up letter from the administrator of Connellsville State General Hospital which reads as follows: "The Board of Trustees have instructed me to inform you that the reason for your removal as radiologist of the Connellsville State General Hospital is because of the *unsuccessful performance of your duties as radiologist.*" (Emphasis added.)

Gaither filed an appeal to the State Civil Service Commission; and although his appeal stated that it was not being taken under either Section 951(a) or 951(b) of the Civil Service Act, Act of August 5, 1941, P. L. 752, as amended, 71 P.S. §§741.951(a) and 741.951(b), the Commission properly interpreted his request to be a demand that just cause be established for his removal, which meant that his appeal was being taken under §951(a). A hearing was held, at which Gaither appeared in propria persona.

In its adjudication, the Commission found, *inter alia,* (a) that Gaither had been given a copy of the job description for his position on February 8, 1972 and December 1, 1972; (b) that Gaither had taken vacations on at least two occasions without first giving

prior notice and without arranging for the services of another radiologist; (c) that Gaither had rendered incomplete and erroneous x-ray reports according to statements of hospital physicians; (d) that Gaither had been reluctant to read "black lung" x-rays because he was not being paid for same; and (e) that Gaither by letter had informed the Board of Trustees of the hospital that he would not accept the responsibilities as set forth in the official job description. It is from the order of the Commission dismissing his appeal that Gaither now appeals.

Gaither raises two questions. First he contends that the inadequacy of the notice and the conduct of the hearing before the Commission deprived him of his constitutional rights. Secondly, he contends that the adjudication is not supported by substantial evidence.

Our scope of review derives from the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. §1710.1 et seq., which at §44, 71 P.S. §1710.44 states: "The court to which the appeal is taken shall hear the appeal without a jury on the record certified by the agency. After hearing, the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." Section 950 of the Civil Service Act, 71 P.S. §741.950 states: "Every person in the classified service shall be furnished with written notice of any personnel action taken with respect to him pursuant to the provisions of this act. Such notice, a copy of which shall be submitted to the commission, shall be furnished within the time limits prescribed by the rules of the commission. The notice shall in the

case of the permanent separation, suspension for cause, or demotion of a regular employee set forth the reason or reasons for the action."

Gaither contends that his notice (quoted above) was in vague terms because it notified him that his services were being terminated because of "unsuccessful performance of your duties as a radiologist." We first note that there is nothing in the record of this case which indicates that any objection was made to the notice until the appeal was taken to this Court.[1] Although Gaither was fully apprised of his rights to have counsel at the hearing before the Commission, it was his decision to proceed without counsel. As a result, none of the usual objections and motions are to be found in the record.

As we have noted in other cases, nowhere in the law is there a detailed description of constitutional due process, but rather it involves the application of the general principles of fairness in each case. *See Pittsburgh Press Employment Advertising Discrimination Appeal*, 4 Pa. Commonwealth Ct. 448, 287 A. 2d 161 (1972).

This record discloses the nature of the problems Gaither was having with the Connellsville State General Hospital. His own statements for the record prove that he was in no way surprised by any of the revelations which were made at the hearing. All of the relevant evidence presented by the appointing authority was directly related to the charge made. As we stated in *Pittsburgh Press, supra,* notice must be of such na-

---

[1] In another opinion recently filed, viz., *McClelland v. State Civil Service Commission*, 14 Pa. Commonwealth Ct. 339, 322 A. 2d 133 (1974), we reached a contrary result; but there the appointing authority offered evidence on charges not included in the notice, did not adequately support the charges properly made, and counsel for the civil servant adequately protected his client's right on the record.

ture as to fairly apprise the citizen of the nature of the charges so that he may prepare himself for the hearing, and defend his position. *See also Begis v. Industrial Board of the Department of Labor and Industry*, 9 Pa. Commonwealth Ct. 558, 308 A. 2d 643 (1973). Under the facts of this case, the wording of the follow-up letter, quoted above, fairly presented adequate notice to Gaither.

Gaither also submits as error the proposition that at the hearing the Commission permitted the presentation of evidence based upon statements of other physicians at Connellsville State General Hospital as disclosed in minutes of meetings. These physicians were not present to verify the proffered statements, and hence the statements were clearly objectionable. *See A. P. Weaver & Sons v. Sanitary Water Board*, 3 Pa. Commonwealth Ct. 499, 284 A. 2d 515 (1971). Unfortunately, Gaither made no objection; but even if such evidence and the findings of the adjudication based thereon are removed from the record, such removal would not change the result of this case. In all other respects, our reading of the record permits us to conclude that the hearing was properly conducted.

Gaither next contends that the adjudication is not supported by substantial evidence. In *A. P. Weaver, supra*, we stated: " 'Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'. . . . 'Substantial evidence is more than a scintilla, and must do more than create a suspicion of the fact to be established.' " 3 Pa. Commonwealth Ct. at 503-504, 284 A. 2d at 517. In *Corder v. Civil Service Commission*, 2 Pa. Commonwealth Ct. 462, 467, 279 A. 2d 368, 371 (1971), we stated: "We are able to discern that the legislative intent relating to one's relationship with the classified services turns upon a

merit concept. This means that any 'personal action' carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of the same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability."

With these thoughts in mind we have again reviewed this short record and hold that it contains sufficient substantial evidence to support the Commission's adjudication. There is evidence that Gaither was given, in February of 1972, a copy of a job description taken directly from the Department of Public Welfare Personnel Manual of Position Classifications. Later, by letter, Gaither stated he was not willing to accept that job description in its entirety. While it is true that the appointing authority previously had permitted Gaither to perform something less than that which was required by the Department of Public Welfare, once the job description was made known to Gaither, he had an obligation to perform all of the duties specified. If this case was based upon his failure to perform all of those duties prior to the presentation of the job description, the result reached here might have been different, depending upon the record made in such a case. However, there is substantial evidence in the record, especially from a witness who was friendly to Gaither, that Gaither had taken vacations without giving adequate prior notice and without arranging backup radiology services for the hospital. There is also substantial evidence to support the finding of the Commission that Gaither was "reluctant to read 'black lung' x-rays because he was not getting paid more for doing it." This evidence supporting those findings of the Commission is sufficient to permit this Court to affirm the adjudication of the Commission. Para-

phrasing what we said in *Corder, supra,* Gaither failed to properly execute his duties. He performed acts which hampered and frustrated the execution of his duties and he failed to perform acts necessary for the proper execution of his duties. Therefore, we

### ORDER

AND NOW, this 9th day of August, 1974, based upon the above discussion, the order of the State Civil Service Commission in the appeal of Dr. Edwin S. Gaither is hereby affirmed.