Albert Bertolino, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Submitted on briefs, November 4, 1977, to Judges WILKINSON, JR. and ROGERS, sitting as a panel of two.

*Robert W. Lambert*, for petitioner.

*Frank A. Fisher, Jr.*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., November 25, 1977:

This is an appeal of a decision by the State Civil Service Commission (Commission) dated November 19, 1976, finding the petitioner had been properly *furloughed by the Pennsylvania Department of Transportation* (PennDOT) under the provisions of Section 802 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.802. We affirm.

Petitioner, an employee of PennDOT since 1957, was notified by letter from PennDOT dated February

2, 1976, that he was to be furloughed from his job as a Construction Inspection Supervisor I, regular status, effective February 18, 1976. He appealed this action to the Commission and at a hearing on March 10, 1976, he contended that PennDOT had not used his last regular service rating as required by Section 802 in determining his furlough status. Petitioner testified that a new service rating had been prepared by his supervisor on January 19, 1976 which petitioner signed on February 5, 1976. A document purporting to be the new rating was brought by petitioner to the hearing and examined by the Commission. It was not, however, placed on the record. The record also indicates that petitioner was not represented by counsel. By its order and amended adjudication the Commission found that the last regular rating of the petitioner was in December 1974.

The sole question raised in this appeal is whether the Commission erred in its finding that the service rating used by PennDOT to determine petitioner's furlough status was the proper service rating, *i.e.*, the last regular service rating as required by the Act. The petitioner contends since there was no specific finding of fact by the Commission as to the service rating he signed on February 5, 1976, that the case must be remanded to the Commission for a determination with respect to this rating. We do not agree. In our view, the Commission's finding that the December 1974 rating was petitioner's last service rating, by implication, is a determination that the new rating of February 5, 1976 was not the proper one to determine the propriety of PennDOT's action taken on February 2, 1976. Moreover, the record clearly demonstrates that the Commission did in fact consider the petitioner's contention that the February 5, 1976 service rating should have been used. As we have previously noted, the liberal rules of evidence relating to adminis-

trative agencies give such agencies broad discretion in admitting or excluding evidence so that the exclusion alone does not constitute a procedural defect. *Scasserra v. Civil Service Commission,* 4 Pa. Commonwealth Ct. 283, 287 A.2d 158 (1972), *cert. denied,* 410 U.S. 968 (1973). Thus the fact that the document was not placed in the record would not require a remand unless the contents of the document are critical to a finding of the Commission. Here the critical facts are the dates of the service ratings, which dates are in the record, rather than their contents.

Among its other findings of fact to which there are no challenges the Commission found: that due to a shutdown in winter construction a statewide survey of staff needs was begun in the Fall of 1975 by PennDOT; that in petitioner's district the final staff needs were determined as of December 25, 1975; and that as of that date petitioner was ranked in the lowest quartile of employees in his classification based on the then most recent service rating, *i.e.,* the December 1974 rating. In our view, these unchallenged and unchallengable findings show PennDOT used the proper service rating as required by the Act.

Section 802 of the Act requires the appointing authority to use the last service rating in determining who should be furloughed. As the record clearly demonstrates, by petitioner's own testimony, he did not sign and thus effectuate his new service rating until February 5, 1976, three days after the date of PennDOT's furlough notification. Thus, from the time furloughs were contemplated by PennDOT to the time when notification was made the last service rating was that of December 1974.

We, therefore, find substantial evidence to support the Commission's finding that PennDOT used the petitioner's last service rating in determining his furlough status and we must affirm the Commission's

520

adjudication. *See Angel v. State Civil Service Commission*, 9 Pa. Commonwealth Ct. 582, 309 A.2d. 69 (1973).

Accordingly, we will enter the following

ORDER

AND Now, this 25th day of November, 1977, the order of the State Civil Service Commission dated November 19, 1976, in Appeal No. 1802 is hereby affirmed.