Josephine Silvia, Petitioner *v.* Pennhurst Center, Department of Public Welfare, Respondent.

76

Argued September 18, 1981, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*William D. Murphy,* with him *Lawrence Sager, Sager & Sager,* for petitioner.

*Marc G. Brecher,* Deputy Attorney General, with him *John O. J. Shellenberger,* Deputy Attorney General of Eastern Region, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 4, 1981:

The subject of this appeal is an order of the Pennsylvania State Civil Service Commission (Commission) sustaining the decision of the Department of Public Welfare (Department) to discharge Petitioner from her employment as a Mental Retardation Aide II, permanent status, at Pennhurst State School.

Josephine Silvia (Petitioner), had been employed at Pennhurst for the last 25 years. On December 17, 1979, Petitioner was notified by letter of her dismissal. The discharge was based on patient abuse. Specifically, it is alleged that on November 6, 1979, Petitioner yelled and screamed at a patient, slapped him forcefully across the chest a number of times with an open hand and pushed him out of a door with a broom. Petitioner appealed Pennhurst's discharge action to the Commission whereupon a hearing was held and on December 2, 1980, a Final Adjudication and Order was entered dismissing the Petitioner's appeal and finding just cause for her termination.

At the hearing, there was a substantial dispute among the witnesses as to what occurred on November 6. The principal witness against Petitioner was a psychiatric nurse who testified that her attention was called to an altercation between the Petitioner and a patient when she heard some loud yelling. Upon arriving at the scene, the nurse testified that she saw Petitioner push the patient with a broom into a hallway and slap him forcefully at least ten times with an open hand across the chest. Petitioner testified that she had been struck by the patient and did not strike him but was easing him into the hallway in

accordance with the usual procedures where a patient becomes abusive. Other witnesses were called by Pennhurst and Petitioner to corroborate one version or the other of what happened, but the nurse, Petitioner and the patient were the only eyewitnesses. Pennhurst has a rule that at no time may an aide strike or physically threaten a patient. The Commission found that the testimony of the witnesses for the appointing authority was the more credible and concluded that Petitioner had abused the patient which constituted just cause for her discharge by Pennhurst.[1]

On appeal to this Court, an adjudication of the State Civil Service Commission shall be affirmed unless it appears that such was not in accordance with the law, that any finding of fact necessary to support such adjudication is not supported by the evidence, or that the constitutional rights of the appellant have been violated. *Department of Transportation v. State Civil Service Commission,* 5 Pa. Commonwealth Ct. 263, 290 A.2d 434 (1972). Substantial evidence needed to support a finding of the State Civil Service Commission is the relevant evidence that a reasonable mind, without weighing the evidence or substituting its judgment for that of the Commission, might accept as adequate to support the conclusion reached. *Zilion D. Rumberger v. Department of Justice,* 41 Pa. Commonwealth Ct. 592, 399 A.2d 1169 (1979). "Judging issues of credibility and resolving evidentiary conflicts are functions of the Commission and not this Court." *Varndell v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 349, 353, 413 A.2d 11, 14 (1980). This Court will not weigh, but

---

[1] A regular employee in the classified service may be discharged only for just cause. Section 807 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807.

only examine the evidence before it and will not substitute its judgment for that of the Commission. *Gibson v. Department of Public Welfare,* 35 Pa. Commonwealth Ct. 27, 384 A.2d 1030 (1978).

In this appeal, Petitioner contends that the Commission's decision was arbitrary, capricious and not founded on substantial evidence. As we have indicated in our summary of the evidence, this was a classic case of a conflict in the testimony of witnesses which the Commission resolved in favor of Pennhurst. If the testimony of the psychiatric nurse was believed, as it was, there was substantial evidence to support the Commission's findings. Had the testimony of the Petitioner been believed, which it was not, the Commission would have been bound to set aside her discharge. As we have said many times, the resolution of conflicting testimony is a matter within the province of the fact-finder, here the Commission.

Petitioner also contends that she was deprived of due process of law by certain procedural and evidentiary rulings made during the course of the hearing and that certain remarks of the Commission Chairman demonstrated actual bias against the Petitioner.

During the course of the hearing, while the Petitioner's counsel was cross-examining the psychiatric nurse, counsel asked that witness if she had restrained this same patient on other occasions. Pennhurst's counsel objected to the question whereupon there was a colloquy between Petitioner's counsel and the Commission Chairman who said in the course of the exchange that "two wrongs do not make a right." Petitioner contends that this remark demonstrated bias. We disagree. Not only is the remark itself nothing more than a well-known and often used truism but our review of the record indicates that the conduct of the Chairman throughout the hearing was fair and impartial.

The Chairman ruled that the testimony of Petitioner's supervisor regarding previous personality clashes between the psychiatric nurse and the Petitioner prior to the incident in question should be excluded. In the testimony elicited by counsel for Petitioner in his cross-examination of the nurse and his examination of Petitioner, it was quite evident that there had been such clashes in the past between these two individuals. The Chairman ruled that the proffered testimony should be excluded because the conduct of the aide and not that of the nurse was at issue. Since the supervisor's testimony would only corroborate a fact already established by the testimony of other witnesses, we cannot say that the evidentiary ruling was in error.

At the outset of the hearing, counsel for Pennhurst moved to quash a subpoena served on him the day before to produce the records of the patient and the personnel file of the psychiatric nurse. Although Petitioner argues to us that the Commission granted the motion, in fact, the record discloses that it was granted only as to the personnel file of the nurse. That ruling was proper because we agree with the Commission that the nurse's file was irrelevant to the proceeding before the Commission.

Petitioner attempted to offer into evidence a newspaper clipping which apparently would indicate that the parents of the patient appreciated the care Petitioner had given to their son and had so stated publicly. The Commission excluded the evidence as irrelevant. Again, the Commission's ruling cannot be faulted. Petitioner says that the article demonstrates that Petitioner would not want to abuse the patient. The issue, however, is whether or not she *did* abuse the patient.

Finally, Petitioner claims that the Commission erred when it refused to afford her a free copy of the

notes of testimony, or an opportunity to examine the transcript. The Chairman told the Petitioner that the notes of testimony were available for her inspection in Philadelphia or Harrisburg and that the Commission had no authority to make copies for litigants. Petitioner cites no authority which would require the Commission to do more than it did. The Commission's own regulations require that a complete stenographic record be made of the proceedings, nothing more. 4 Pa. Code §105.13. See also §504 of the Administrative Agency Law, 2 Pa. C. S. §504.

In our review of all the Commission's evidentiary rulings, we are mindful of the provisions of Section 505 of the Administrative Agency Law, 2 Pa. C. S. §505, that Commonwealth agencies are not bound by technical rules of evidence and that reasonable examination and cross-examination of witnesses shall be permitted. In none of the rulings by the Commission or its chairman do we find any denial of due process of law. As we said in *Gaither v. State Civil Service Commission,* 15 Pa. Commonwealth Ct. 93, 97, 324 A.2d 872, 874 (1974), "nowhere in the law is there a detailed description of constitutional due process, but rather it involves the application of the general principles of fairness in each case." In *Bertolino v. Department of Transportation,* 32 Pa. Commonwealth Ct. 516, 379 A.2d 1078 (1977), we held that liberal rules of evidence relating to administrative agencies give such agencies broad discretion in admitting or excluding evidence that exclusion alone does not constitute a procedural defect.

Order affirmed.

## ORDER

AND Now, this 4th day of December, 1981, the order of the State Civil Service Commission Appeal No. 2982, dated December 2, 1980, is hereby affirmed.