528 A.2d 1028

Thomas J. Zielinski, Petitioner *v.* Luzerne County Assistance Office, Department of Public Welfare, Respondent.

Argued June 9, 1987, before Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Barry A. Yelen,* for petitioner.

*James S. Marshall,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 17, 1987:

This is an appeal by Thomas J. Zielinski (Appellant) from an order of the State Civil Service Commission

(Commission) which affirmed the action of the Department of Public Welfare, Luzerne County Assistance Office (Appointing Authority) in removing Appellant from his position as Income Maintenance Worker II, regular status, on a charge of unavailability for work.

The Commission found that Appellant, pursuant to an order of the Court of Common Pleas of Lycoming County, was directed to report to the State Correctional Institution at Camp Hill by June 3, 1985 for diagnostic observation and examination for a period not exceeding sixty days. The genesis of this order was a violation of Appellant's probation. Appellant had allegedly engaged in bookmaking activities while on probation for that same conduct. It is not in dispute that such activity was not conducted on the job. When Appellant learned of the court order he requested a leave of absence. He had no personal leave time available and was denied leave without pay. Appellant was removed on the first work day he missed as a result of the court order. The Commission sustained the removal action, and appeal to this Court followed.

It is, of course, axiomatic that our scope of review of a Commission order is limited to determining whether there has been a constitutional violation or an error of law, or whether the findings of fact are supported by substantial evidence. *See, e.g., Department of Public Welfare v. Sanders,* 102 Pa. Commonwealth Ct. 426, 518 A.2d 878 (1986). Credibility matters are for the Commission to determine. *Silvia v. Pennhurst Center,* 63 Pa. Commonwealth Ct. 75, 437 A.2d 535 (1981). Under the terms of section 807 of the Civil Service Act,[1] 71 P.S. §741.807, a regular status employee may be removed only for just cause. Decisional law has interpreted this term to mean that the removal action must be

---

[1] Act of August 5, 1941, P.L. 752, *as amended.*

premised upon merit criteria; *i.e.,* criteria which are job-related and touch upon one's competency and ability to perform his or her job duties. *Gibson v. Department of Public Welfare,* 35 Pa. Commonwealth Ct. 27, 384 A.2d 1030 (1978).

Appellant presents two arguments for our consideration. First, he maintains that because he notified the Appointing Authority prior to his absence that he would be absent, and because he had no control over his absence, the removal was not for just cause. Although giving prior notice to his Employer is commendable, it does not obviate the fact of unavailability for work. The Commission found, and we agree, that while Appellant had no control over the court order, "he voluntarily committed the acts leading to his probation and incarceration." Appellant also asserts that the Appointing Authority should not have fired him on his very first day of absence. On this point the Commission opined, "To our minds, the appellant's certain future absence is equally as job-related as actual past absence." Again, we agree. It is beyond question that, in order to do one's duties, one must be available for work. Having been incarcerated, Appellant was not available. Accordingly, there was just cause for his removal. To require the Appointing Authority to wait an indefinite period of time up to sixty days on the chance that Appellant might become available sooner is unreasonable. The Commonwealth has the right to have employees present at work to perform needed services. *See* Section 2 of the Act, 71 P.S. §741.2 (it is the purpose of the Act to promote greater efficiency and economy in the administration of government). Accordingly, we reject the notion that the Appointing Authority acted too hastily in removing Appellant and that the Commission erred.

Appellant's other major argument pertains to his theory that he should have been entitled to utilize sick

leave for the period of his absence. The Commission found, however, and Appellant's counsel conceded at oral argument, that there was no evidence of record that Appellant was actually sick. The only indication of illness is the court order itself, which merely stated that Appellant was to be committed for diagnostic observation and examination. This alone proves nothing. Appellant asks this Court to remand the case so that he may now present evidence to prove he was entitled to sick leave. The hearing in this case was held on November 12, 1985, five months after Appellant's removal. There is absolutely no reason why evidence that sick leave was appropriate could not have been presented at that time. Accordingly, we decline to remand the case. *See Asplundh Tree Expert Co. v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 7, 470 A.2d 1097 (1984) (application for rehearing may be refused where it is apparent that evidence which applicant seeks to adduce was available at original hearing).

Appellant, in a related argument, contends that the Appointing Authority permitted another employee suffering from alcoholism to take a leave of absence and argues in essence that he was treated differently. We need not consider this matter, however, inasmuch as this claim sounds in the nature of discrimination, and Appellant failed to appeal his action to the Commission on that basis. It is well-settled that one alleging discrimination must specifically recite the underlying basis for his claim. *See, e.g., Hunter v. Jones,* 417 Pa. 372, 207 A.2d 784 (1965), *aff'd after remand sub. nom. Hunter v. Pennsylvania State Civil Service Commission,* 422 Pa. 158, 220 A.2d 879 (1966). Implicit in this requirement is the mandate that one must actually *allege* discrimination. Appellant having failed to do so in his appeal form, *see* Commission Exhibit B, cannot now assert a claim on that basis.

Based upon the foregoing discussion, the order of the Commission is affirmed.

### ORDER

NOW, July 17, 1987, the order of the State Civil Service Commission, Appeal No. 5868 issued February 27, 1986 is hereby affirmed.