Lisa E. NASO, Petitioner,

v.

STATE CIVIL SERVICE COMMISSION (DEPARTMENT OF CORRECTIONS), Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1996.
Decided July 9, 1997.

Michael C. Morrone, Williamsport, for petitioner.

Frederick C. Smith, Jr., Harrisburg, for respondent.

Before SMITH and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Lisa E. Naso (Naso) petitions for review of the October 5, 1995 order of the State Civil Service Commission (Commission), denying Naso's request for a "just cause" hearing pursuant to Section 951(a) of the Civil Service Act (Act).[1]

Naso was employed as an Intermittent Intake Interviewer with the Department of Labor and Industry. Naso had achieved regular classified service status at this position, by successfully completing the requisite period of probationary employment. On July 30, 1994, Naso was promoted to the position of Personnel Analyst I, with the Department of Corrections at the State Correctional Institution at Muncy (DOC). As a Personnel Analyst, Naso was again required to serve a probationary term of employment. Her probationary term with the DOC was scheduled to last six months, but the DOC extended her probation for an additional three months.

On April 28, 1995, the DOC notified Naso that she was being removed from her Personnel Analyst position and returned to her Intake Interviewer position with the Department of Labor and Industry.[2] On May 9, 1995, Naso appealed the DOC's removal decision and on July 7, 1995, the Commission granted Naso a hearing pursuant to Section 951(b) of the Act, 71 P.S. § 741.951(b).

By letter dated September 18, 1995, Naso questioned why the Commission had granted a Section 951(b) or "discrimination" hearing and made no mention of her request for a "just cause" hearing pursuant to Section 951(a) of the Act, 71 P.S. § 741.951(a).[3] In her letter, Naso reasserted the position that because she was a probationary employee by promotion, she could not lose her status as a regular employee in classified service without the protection of a causation hearing. On October 5, 1995, the Commission denied Naso's request for a just cause hearing, reasoning that:

[T]his personnel action did not remove Ms. Naso from classified service and, therefore, she is not entitled to the protection afforded by Section 804(a) of the Act which requires "just cause" for such actions. Having been removed *only* from the pro-

---

1. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.951(a).

2. *Naso* contends that when she contacted the Department of Labor and Industry as instructed by the DOC, no one was aware of her current status and instead of being returned to her prior position, as the DOC alleges, she suffered a *de facto* removal from classified service.

3. Section 951(a) requires the Commission to schedule and hold hearings for "any regular em-

ployee in the classified service," who alleges in writing that he or she has been permanently separated, suspended for cause, furloughed or demoted in violation of the provisions of the Act. Section 951(b) of the Act mandates that the Commission shall schedule and conduct public hearings, for "any person" aggrieved by an alleged violation of Section 905.1 of the Act, 71 P.S. § 741.905a (Prohibition of Discrimination).

bationary status position to which she had been promoted, the only right she has in this instance is pursuant to Section 951(b) of the Act.

(R.R., p. 33a).

On February 5, 1996, the parties were notified that the Section 951(b) hearing would be conducted on March 21, 1996. However, on March 14, 1996, Naso withdrew her request for the Section 951(b) hearing and renewed her request for a Section 951(a) hearing. On May 10, 1996, the Commission accepted Naso's withdrawal of the 951(b) hearing and deemed final their denial of the 951(a) hearing. Naso petitions this Court for review of the Commission's denial of a just cause hearing.[4]

■ On appeal, Naso contends that her probationary status of employment with the DOC resulted from a promotion. Relying upon Section 804.1 of the Act, added by Section 3 of the Act of September 29, 1951, P.L. 1636, 71 P.S. § 741.804a, Naso further contends that when the DOC removed her from probationary employment after promotion, they were required to return her to her previously held position.[5] In the instant case, Naso submits that she was never returned to her Intake Interview position, but instead, suffered a *de facto* removal from classified service without the benefit of a just cause hearing. Because the Commission's decision violates Section 804.1 of the Act, Naso urges, this Court should vacate the Commission's decision.

Conversely, the DOC contends that Naso was a probationary employee with the DOC and, like other probationary employees, she does not enjoy the right to a just cause hearing upon removal. Furthermore, while the DOC concedes that it did remove Naso from her probationary position on April 30, 1995, it submits that it returned Naso to her former position in regular classified service

as an Intake Interviewer with the Department of Labor and Industry and thus, Naso was not removed from classified service by the DOC's actions. Finally, because it was the Department of Labor and Industry who put Naso on "no pay" status and subsequently terminated her from classified service after no position was made available, the DOC argues that Naso's conflict lies with that agency, and that she should be requesting a hearing from their determination.

■ It is the duty of the Commission to ensure compliance with the provisions of the Act. 71 P.S. § 741.203(3). Section 804 of the Act, "[r]emoval during probationary period," provides, that the "appointing authority may remove an employe from the classified service at any time before the expiration of the probationary period." 71 P.S. § 741.804. The corollary to this provision, "[r]ights of promoted employe during probationary period," further provides:

> If the probationary period has resulted from a promotion, such removal shall not be from the classified service except for just cause. A classified employee during a probationary period resulting from promotion, shall, if the employe's performance is satisfactory, be returned to the position or class held immediately prior to such promotion without necessity of appeal or hearing.

71 P.S. § 741.804a. Finally, the Commission's rules define a "promotion" as the "movement of an employe to a position in a class which carries a higher maximum salary." *See* 4 Pa.Code § 91.3.

In the instant case, the record is clear and the parties agree that Naso's transfer from Intake Interviewer to Personnel Analyst constituted a promotion, and that Naso's probationary period at the latter position resulted from said promotion. Because the undisput-

---

4. This Court's scope of review of a State Civil Service Commission decision is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, or whether the necessary findings of fact are supported by substantial evidence. *Department of Corrections v. Roche*, 654 A.2d 64 (Pa.Cmwlth.1995), *appeal denied*, 541 Pa. 644, 663 A.2d 695 (1995).

5. "The position vacated by an employe serving a probationary period after promotion may not be filled during the period except on a substitute basis, subject to the return of the employe promoted or the successful completion of the probationary term." 4 Pa.Code § 101.32.

ed facts establish that Naso was a promoted employee during a probationary period, her rights are governed by Section 804.1 of the Act and the Commission's conclusion to the contrary, was rendered in error.

Furthermore, Section 804.1 of the Act explicitly requires that where a promoted employee has performed satisfactorily, he or she "shall" be returned "to the position or class held immediately prior to such promotion, without necessity of appeal or hearing."

In the instant case, the DOC alleged, and the Commission found as fact, that Naso was returned to her prior position. The Commission further found, that because Naso was returned to her prior position she was not removed from regular classified service and that Section 804.1 of the Act was therefore, inapplicable. We disagree.

This Court may not substitute our judgment for that of the Commission and we must accept its findings, if they are supported by substantial evidence. *McClelland v. State Civil Service Commission,* 14 Pa. Cmwlth. 339, 322 A.2d 133 (1974). Substantial evidence needed to support a finding of the Commission is relevant evidence that a reasonable mind might accept as adequate to support the conclusion reached. *Silvia v. Pennhurst Center, Department of Public Welfare,* 63 Pa.Cmwlth. 75, 437 A.2d 535 (1981).

The only proof, submitted to support the Commission's finding that Naso was "returned" to her prior position, are references in the record to the Department of Labor and Industry's December 28, 1995 letter,[6] and the DOC's superficial and self-serving allegations that Naso was "being returned." Moreover, while the DOC contends that Naso was in fact returned to her prior position in compliance with Section 804.1 of the Act, it offers no first-hand knowledge of this fact. The DOC admits that Naso never resumed active status at her old job. The DOC further admits that Naso did not receive the benefits and remuneration associat-

ed with her previous position in regular classified service.

Because the record contains insufficient relevant evidence to allow a reasonable mind to conclude that Naso was returned to her prior position in classified service, we vacate the Board's finding in this regard.

Finally, because Section 804.1 of the Act specifically mandates that Naso *"shall"* be returned to her "position or class held immediately prior to such promotion, *without necessity of appeal or hearing,"* we vacate the Commission's determination and remand with instructions to return Naso to her position with the Department of Labor and Industry.

### *ORDER*

AND NOW, this 9th day of July, 1997, the order of the State Civil Service Commission in the above-captioned matter is hereby vacated and the matter remanded to the Commission with instructions to return Petitioner to her previous position in regular classified service. Jurisdiction relinquished.

---

**6.** This letter (R.R. pp. 42a–43a) was stricken from the record by this Court's August 28, 1996 order.