# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Afrid N. Irani,                               :
                                              :
                    Petitioner                :
                                              :
          v.                                  :    No. 1135 C.D. 2017
                                              :    Submitted: February 2, 2018
State Civil Service Commission                :
(Department of Health),                       :
                                              :
                    Respondent                :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                           **FILED:  March 22, 2018**


Afrid N. Irani (Petitioner) petitions, *pro se*, for review of an order issued by the State Civil Service Commission (Commission) on July 25, 2017 that sustained the July 16, 2015 termination of his employment by the Department of Health (Department) for failure to report for work following reinstatement of his employment with the Department.  The reinstatement and termination at issue here followed this Court's reversal of the Department's 2013 termination of Petitioner's employment in *Irani v. State Civil Service Commission (Department of Health) (Irani I)*, (Pa. Cmwlth. No. 1038 C.D. 2014, filed April 20, 2015).  We affirm.

Petitioner was employed by the Commonwealth from September 2005 to June 7, 2013 and worked from February 2012 to June 7, 2013 as an Accountant 2

in the Department's Bureau of WIC, which is responsible for administering the federal Women, Infants and Children (WIC) supplemental nutrition program in Pennsylvania. *Irani I*, slip op. at 1-3. The Department terminated Petitioner's employment effective June 7, 2013 for sending a somewhat argumentative work-related email to another Department staffer and for allegedly excessive personal use of his office computer. *Id.* at 3-5. Petitioner appealed his dismissal to the Commission, which sustained the discharge, and appealed the Commission's decision to this Court. This Court reversed the Commission and ordered that Petitioner be reinstated as of June 7, 2013 to his Accountant 2 position with the Department, concluding that the email, which was not personally insulting, profane, abusive or threatening, did not constitute just cause for removal, and that the Department failed to show the amount of time that Petitioner spent on non-work-related internet sites or that he had been advised that personal internet usage was restricted to lunch and break periods. *Id.* at 7-11 & Order.

Following this Court's decision, the Department sent a letter dated June 18, 2015 notifying Petitioner that he was being reinstated to his Accountant 2 position in the Department's Bureau of WIC as of June 29, 2015 and instructing him to report for work on that date. (Certified Record Item (R. Item) 11, Commission Adjudication Finding of Fact (F.F.) ¶5; R. Item 1, Hearing Transcript (H.T.) at 16-20, 128 & Department Ex. 3.) Department human resources personnel also contacted Petitioner by telephone on June 24, 2015 and by email on June 26, 2015 concerning his June 29, 2015 return to work. (R. Item 11, Commission Adjudication F.F. ¶5; R. Item 1, H.T. at 17-18, 21-24 & Department Ex. 5b.) Petitioner sent the Department an email on June 26, 2015 stating:

> I'll be as polite as I can possibly be since everyone at the
> Department of Health is such a perfectionist. I'm sorry but <u>I will</u>

2

> not be delighted at all to return to the Department of Health since I've lost all respect for everyone there. In fact I've cursed the people involved in my termination all this while. Unfortunately, I will not be commencing work at the Department of Health on June 29, 2015 or ever in the future and I've tried conveying this message to some of your staff at your Department but to no avail as usual. I am taking this matter up with the Commission and if the Commission again errs I will be returning back to the court. I hope I have made myself clear.

(R. Item 11, Commission Adjudication F.F. ¶6; R. Item 1, H.T. at 25-27, 147 & Department Ex. 5b (emphasis added).)

Petitioner also sent emails to the Commission on June 25, 2015, in which he stated that "I want nothing to do with the Department of Health anymore," "I do not want to work for the Department of Health because I've had enough of their nonsense," and "I'll work with any other agency within the Commonwealth of PA except the Department of Health." (R. Item 1, H.T. at 145-46 & Department Ex. 5a.) The Commission advised Petitioner in response to the first of these emails that while he could challenge the terms of his reinstatement and the amount of compensation for the period before the reinstatement, "you must first return to work" in accordance with the Department's reinstatement letter directing him to report to work on June 29, 2015. (R. Item 1, Department Ex. 5a.)

Petitioner did not report to work on June 29, 2015 or at any time after that date. (R. Item 11, Commission Adjudication F.F. ¶9; R. Item 1, H.T. at 38, 56-57, 59-60, 68-70.) When he did not report to work, the Department attempted to reach Petitioner by telephone on the morning of June 29, 2015 and left a message requesting that he call. (R. Item 11, Commission Adjudication F.F. ¶8; R. Item 1, H.T. at 57-59, 69-70.) Petitioner did not return the call or contact the Department concerning his absence from work. (R. Item 11, Commission Adjudication F.F. ¶9; R. Item 1, H.T. at 59, 70.) On July 7, 2015, the Department notified Petitioner that

3

a pre-disciplinary conference was scheduled for July 10, 2015 to address his failure to report to work. (R. Item 11, Commission Adjudication F.F. ¶10; R. Item 1, H.T. at 80-82, 99-100, 107; Department Ex. 8.) Petitioner did not attend the pre-disciplinary conference. (R. Item 11, Commission Adjudication F.F. ¶10; R. Item 1, H.T. at 82-83, 88, 100-02.) On July 14, 2015, the Department terminated Petitioner's employment effective July 16, 2015. (R. Item 11, Commission Adjudication F.F. ¶1; Commission Ex. A.)

Petitioner timely appealed this discharge to the Commission and a hearing was held before a Commissioner on December 18, 2015. At the hearing, the Department introduced in evidence its letters to Petitioner and the emails between Petitioner and the Department and the Commission concerning his reinstatement. The Department called five witnesses: Mr. Gottdiner, the Department human resource analyst who spoke by telephone with Petitioner on June 24, 2015 concerning the reinstatement and date that Petitioner was to report to work; Mr. Watts, the Bureau of WIC manager who was Petitioner's supervisor in his reinstated position; Mr. Watts' supervisor, Mr. McLaughlin; the Director of the Bureau of WIC; and a Department labor relations coordinator. Mr. Gottdiner testified that he called Petitioner on June 24, 2015 to make sure that Petitioner had received the reinstatement letter, and that Petitioner told him that he wanted reinstatement to an Accountant 4 position and wanted to talk to the Commission, not the Department. (R. Item 1, H.T. at 17-18, 21-22.) Mr. Gottdiner testified that Petitioner did not say that he had any problem with the June 29, 2015 start date or that he needed a change in the start date or work schedule. (*Id.* at 21-23.) Mr. Watts and Mr. McLaughlin, the Department employees under whom Petitioner was to work, testified that they did not work at the Bureau of WIC at the time of Petitioner's prior employment and

4

discharge and had never met or communicated with Petitioner before his reinstatement. (*Id.* at 54-56, 65-68.) Mr. Watts and Mr. McLaughlin also testified that Petitioner did not report to work on June 29, 2015, that they telephoned Petitioner that morning and left a message requesting that he call, and that Petitioner never returned the call, never contacted them about any problems with the date he was to start work or his work schedule, and never reported to work. (*Id.* at 56-60, 68-71.) The Bureau of WIC Director and Department labor relations coordinator testified that Petitioner did not appear at the pre-disciplinary conference and that his employment was terminated because he had failed to report to work and was absent without leave for more than five days. (*Id.* at 77-78, 80-84, 88, 97-104.)

Petitioner testified at the hearing that he told Mr. Gottdiner that he could not report to work on June 29, 2015 because he needed to give the employer for whom he was working two weeks notice and that he did not insist that he be given an Accountant 4 position. (R. Item 1, H.T. at 128-34, 148-50.) Petitioner did not dispute his emails to the Department and the Commission. One of Petitioner's June 25, 2015 emails to the Commission complained that "I need to be given at least 2 weeks before my commencement date, so I can inform my current employer," in addition to repeatedly asserting his unwillingness to work for the Department. (R. Item 1, Department Ex. 5a.) Petitioner, however, did not state in the email any date that he would be able to start work and did not testify that he ever gave the Department any date that he was willing to start work in his reinstated Bureau of WIC position. Petitioner did not testify that he contacted Mr. Watts or Mr. McLaughlin in response to their telephone call or that he appeared at or contacted the Department concerning the pre-disciplinary conference.

5

On July 25, 2017, the Commission issued its adjudication dismissing Petitioner's appeal and sustaining the Department's termination of his employment.[1] The Commission found the testimony of Mr. Gottdiner concerning his telephone conversation with Petitioner credible and found that Petitioner did not tell Mr. Gottdiner that he had problem with the June 29, 2015 reinstatement date or request that he be allowed to report for work at a later date. (R. Item 11, Commission Adjudication at 17-19.) The Commission held that Petitioner's failure to report to work for over a week constituted abandonment of his employment and just cause for termination, given Petitioner's failure to request a change in the date that he was to return to work, his expression of unwillingness to work for the Department, and his failure to respond to the Department's telephone message and pre-disciplinary conference notice. (*Id.* at 15-19.) Petitioner timely appealed the Commission's adjudication to this Court.[2]

Section 807 of the Civil Service Act[3] provides that "[n]o regular employe in the classified service shall be removed except for just cause." 71 P.S. § 741.807. To constitute "just cause," the reasons for the employee's discharge must be merit-based, that is, they must be related to the employee's job performance and competency and ability to perform his or her job. *Pennsylvania Board of Probation and Parole v. State Civil Service Commission (Manson)*, 4 A.3d 1106, 1112 (Pa.

---

[1] The Commission's adjudication in this case does not involve the back pay and benefits to which Petitioner was entitled under *Irani I* for the period between his June 7, 2013 discharge and the June 29, 2015 reinstatement. That relief was the subject of a separate proceeding before the Commission and is not affected by the Court's decision in this case.

[2] This Court's review of the Commission's adjudication is limited to determining whether an error of law was committed, whether constitutional rights or agency procedures were violated, or whether the Commission's findings of fact are supported by substantial evidence. *Pennsylvania Game Commission v. State Civil Service Commission (Toth)*, 747 A.2d 887, 891 (Pa. 2000).

[3] Act of August 5, 1941, P.L. 752, § 807, *as amended*, 71 P.S. § 741.807.

6

Cmwlth. 2010); *Ellerbee-Pryer v. State Civil Service Commission (Department of Corrections)*, 803 A.2d 249, 253-54 n.2 (Pa. Cmwlth. 2002); *Zielinski v. Luzerne County Assistance Office*, 528 A.2d 1028, 1029 (Pa. Cmwlth. 1987). The burden is on the Commonwealth employer to show just cause for the termination of employment. *Manson*, 4 A.3d at 1112; *Ellerbee-Pryer*, 803 A.2d at 253 n.2. Whether the employee's actions found by the Commission constitute just cause for removal is a question of law subject to this Court's plenary review. *Manson*, 4 A.3d at 1112; *Ellerbee-Pryer*, 803 A.2d at 254 n.2.

The Department satisfied its burden of proving just cause in this case. Failure to return to work as directed after reinstatement, without communicating a willingness to return by a specific date and without attempting to resolve any problems with the reinstatement date, constitutes an abandonment of the right to reinstatement and is just cause for termination of employment. *Florian v. State Civil Service Commission (Department of Military and Veterans Affairs)*, 832 A.2d 1171, 1176 (Pa. Cmwlth. 2003). Unexcused absence from work for an extended, indefinite time period is a job-related, merit-based ground for discharge. *Zielinski*, 528 A.2d at 1029.

> It is beyond question that, in order to do one's duties, one must be available for work. … The Commonwealth has the right to have employees present at work to perform needed services.

*Id.*

Petitioner argues that he did not report to work because he was given insufficient notice of his start date. The Commission, however, found credible the Department witness's testimony that Petitioner did not request a change in the date that he was to report and rejected Petitioner's contentions to the contrary. Questions of credibility are determined by the Commission, and this Court will not re-weigh

7

the evidence or disturb the Commission's credibility findings. *Manson*, 4 A.3d at 1113; *Ellerbee-Pryer*, 803 A.2d at 254. The fact that Petitioner complained about the lack of two weeks' notice in an email to the Commission does not invalidate the Commission's finding that he did not seek to return to work on a different date. Petitioner's statement concerning insufficient notice was accompanied, in the same email, by unequivocal statements that "I do not want to work for the Department of Health because I've had enough of their nonsense," and "I'll work with any other agency within the Commonwealth of PA except the Department of Health," and Petitioner proposed no date by which he would be willing to report to work to his reinstated position. (R. Item 1, Department Ex. 5a.) Moreover, Petitioner emailed the Department the next day that he would not report to work regardless of the start date, stating that "I will not be commencing work at the Department of Health on June 29, 2015 or ever in the future." (R. Item 1, Department Ex. 5b.) The Commission's finding that Petitioner did not make a good faith attempt to report for work by any definite date and preserve his employment was thus supported by substantial evidence.

Petitioner also asserts that he was justified in not reporting for work after his reinstatement because he was concerned that the Department would retaliate against him. The evidence, however, showed that Petitioner would not be working in his new position with individuals who were involved in the earlier termination of his employment. Neither Mr. Watts, the supervisor to whom Petitioner was to report, nor Mr. Watts' supervisor had ever worked with Petitioner before, and neither was even at the Bureau of WIC at the time of Petitioner's prior employment and 2013 discharge. Petitioner's concern over possible retaliation therefore cannot excuse his failure to return to work. *Florian*, 832 A.2d at 1174 n.3 (retaliation

8

concerns were "without merit" where management team and supervisors in reinstated position were not the same as those under whom employee worked at the time of her termination).

Because the Department met its burden of showing just cause for its July 16, 2015 termination of Petitioner's employment, the order of the Commission sustaining the Department's action is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Afrid N. Irani,        :
             :
     Petitioner     :
             :
    v.         :   No. 1135 C.D. 2017
             :
State Civil Service Commission   :
(Department of Health),      :
             :
     Respondent    :

## **O R D E R**

AND NOW, this day 22nd day of March, 2018, the order of the State Civil Service Commission in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**